UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| OMER and NANCY ALLEN, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No. 12-110-GFVT |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| FRASURE CREEK MINING, LLC, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This case is before the Court on the Defendant's motion for summary judgment. [R. 10.] For the reasons that follow, it will be **GRANTED**.

**I**

Plaintiffs, Omer and Nancy Allen, complain that the Defendants, Frasure Creek Mining, trespassed on their land when mining coal in Perry County, Kentucky. [R. 1-2 at 1.] The Complaint was originally filed in Perry Circuit Court and then removed to this Court in June of 2012. [R. 1.] The case did not proceed very far, however, before being stalled for a significant period of time as Frasure Creek was forced into bankruptcy proceedings. [R. 10-2; R. 10-3.] On May 22, 2013, the Bankruptcy Court entered an order establishing dates by which parties had to file proof of claims. [R. 10-4.] On June 10, the Allens field a renewed motion to lift the stay in the bankruptcy court and their motion was granted. [R. 10-5; R. 10-6.] The bankruptcy court lifted the stay on the condition that "any judgment reached or settlement entered into with respect to the Debtor shall be paid **solely from the proceeds of any applicable insurance proceeds**."

[R. 9-6; R. 10-7 (emphasis added).]

Following the lifting of the stay, Frasure Creek filed a motion for summary judgment wherein they argue that summary judgment is proper because no insurance policy exists under which the Allens may collect. [R. 10.] In response, the Allens ask the Court for additional time to conduct discovery on that issue. [R. 11-1.] Since that time, the case's posture has become more complicated. Frasure Creek's counsel has withdrawn and no new counsel has entered an appearance. [R. 14.] On November 4, 2014, the Plaintiffs were ordered to show cause "as to how they plan to proceed in the prosecution of this case" in light of, first, the fact that Defendants are presently unrepresented and, second, that Frasure Creek claims not to have an insurance policy upon which the Plaintiffs depend. [R. 15.] In response, the Allens again requested that they be permitted to take limited discovery on two issues: whether insurance does actually exist and on the identity of unknown agents of Defendants. [R. 16.] Again, Frasure Creek did not respond to the show cause order and remains unrepresented.

On December 2, 2014, the Court discharged the show cause order and advised the Allens that the proper means of requesting additional discovery was by filing an affidavit in compliance with Federal Rule of Civil Procedure 56(d).[1] [R. 17.] To accommodate the Allens, the Court provided them with 14 days to supplement their response to the motion for summary judgment with such an affidavit. [*Id*.] The Allens did not, however, submit such an affidavit. Now, the issues being briefed and the Court being fully apprised, turns to the pending motion for summary judgment.

---

[1] Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: **(1)** defer considering the motion or deny it; **(2)** allow time to obtain affidavits or declarations or to take discovery; or **(3)** issue any other appropriate order." Fed. R. Civ. P. 56(d).

## II

### A

Summary judgment is appropriate where "the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986). "A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows 'that a reasonable jury could return a verdict for the nonmoving party.' " *Olinger v. Corp. of the President of the Church*, 521 F. Supp. 2d 577, 582 (E.D. Ky. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

In deciding a motion for summary judgment, the Court must review the facts and draw all reasonable inferences in favor of the non-moving party. *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001) (citing *Liberty Lobby*, 477 U.S. at 255). In terms of burden shifting, the moving party has the initial burden of demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). The movant may satisfy its burden by showing "that there is an absence of evidence to support the non-moving party's case." *Celotex.*, 477 U.S. at 325. Once the movant has satisfied this burden, the non-moving party must go beyond the pleadings and come forward with specific facts to demonstrate there is a genuine issue. *Hall Holding*, 285 F.3d at 424 (citing *Celotex*, 477 U.S. at 324.) Moreover, "the nonmoving party must do more than show there is some metaphysical doubt as to the material fact. It must present significant probative evidence in support of its opposition to the motion for summary

3

judgment." *Id*. (internal citations omitted).

The trial court is under no duty to "search the entire record to establish that it is bereft of a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 655 (6th Cir. 2001) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989)). Instead, "the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris*, 260 F.3d at 655.

## B

Frasure Creek's motion for summary judgment is abnormal because the subject of the motion is not the substantive trespass claims upon which the Allens sue. Rather, Frasure Creek argues that the Allens' claims are barred because no insurance policy exists from which they may recover. This is important because the bankruptcy court lifted the stay on the condition that any judgment "shall be paid solely from the proceeds of any applicable insurance proceeds." [R. 10-1 at 3-4.] In the words of Frasure Creek, the "Plaintiffs seek to prosecute a case against an entity that was dissolved in bankruptcy with the aim of procuring insurance proceeds that do not exist." [*Id*. at 3.]

The Allens were informed that their claims are not covered by an insurance policy during discovery in Perry Circuit Court. [*Id*. at 2.] Specifically, the Allens requested, via interrogatory, that Frasure Creek:

> state what insurance coverage, and by whom, is available to cover any potential liability in this action, and the scope of such coverage, and whether the case is being defended under a reservation of rights.

[R. 1-6 at 2.] In response, Frasure Creek answered: "The claims asserted by Plaintiffs are not covered by an insurance policy." [*Id*.] Because no insurance proceeds exist,

4

Frasure Creek argues that the claims are moot and, therefore, summary judgment is appropriate. [R. 10-1.]

In response, the Allens note that during bankruptcy proceedings, "Frasure Creek never contradicted the impression that they had insurance coverage." [R. 11-1 at 1.] They further argue that Kentucky Mining Law requires coal companies to provide proof of insurance. [*Id.*] Importantly, the Allens provide no evidence of the existence of an appropriate insurance policy. Instead, they request leave to propound additional discovery.

In reply, Frasure Creek points out that the Allens have already conducted discovery on this issue of whether an appropriate insurance policy exists. [R. 12.] Specifically, they refer back to the interrogatory response cited above and restate that "neither Frasure Creek's insurance under KRS 350.060 nor any other policy covers Plaintiffs' alleged trespass claims." [R. 12.]

As has already been explained, the Court provided the Allens with the opportunity to supplement their response to the motion for summary judgment with a Rule 56(d) affidavit requesting additional discovery in this matter. The Allens chose not to file such an affidavit, and so the Court is left to rule on the pending motions on the record before it.

Frasure Creek had the initial burden of demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a genuine issue of material fact. *Chao*, 285 F.3d at 424. Because Frasure Creek demonstrated "an absence of evidence to support the non-moving party's case," *Celotex.*, 477 U.S. at 325, namely the absence of an insurance policy under which the Allens may collect, the burden shifted

5

back to the Allens to go beyond the pleadings and come forward with specific facts to demonstrate that a genuine issue exists. *Chao*, 285 F.3d at 424 (citing *Celotex*, 477 U.S. at 324.) The Allens have not presented any evidence to demonstrate that there is an insurance policy in this case. Without proof of this policy, Plaintiffs have no means of continuing to prosecute this case.

### III

The bankruptcy court lifted the stay to permit the Allens to sue with one very important caveat: "any judgment reached or settlement entered into with respect to the Debtor shall be paid **solely from the proceeds of any applicable insurance proceeds**." [R. 9-6; R. 10-7 (emphasis added).] The Plaintiffs have failed to present any evidence to show that an insurance policy exists under which they might be able to collect damages for their pending trespass claim. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

(1) Defendant's Motion for Summary Judgment [R. 10] is **GRANTED**; and

(2) The Court will enter an appropriate judgment contemporaneously herewith.

This 20th day of January, 2015.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge

6